

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **CASE NO. 9:07-CR-46(4)** |
| | § | |
| **EZEQUIEL LOPEZ** | § | |

<u>**FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA**</u>
<u>**BEFORE THE UNITED STATES MAGISTRATE JUDGE**</u>

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On August 13, 2009, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, Ezequiel Lopez, on **Count 1** of the charging **Information** filed in this cause. Count 1 of the Information[1] charges that on or about June 20,

---

[1]Defendant executed a Waiver of Indictment which was filed in the record at the guilty plea hearing.

1

2007, in the Eastern District of Texas, Ezequiel Lopez, Defendant herein, did knowingly, intentionally and unlawfully possess with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance in violation of Title 21, United States Code, Section 841(a)(1).

Defendant, Ezequiel Lopez, entered a plea of guilty to Count 1 of the Information into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b. That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

d. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and

Defendant realizes that his conduct falls within the definition of the crimes charged under 21 U.S.C. § 841(a)(1).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented the following evidence. *See Factual Resume.* If the case proceeded to trial, the Government and Defendant agreed and stipulated to the information set forth in the factual resume which would be used by the Government in support of the Defendant's plea of guilty. The Government and Defendant agreed that the Government would have proven that Defendant is one and the same person charged in the Information and that the events described in the Information occurred on the dates as alleged in the Eastern District of Texas and elsewhere. The Government and Defendant agreed that the Government would have proven, through the testimony of witnesses and through admissible exhibits, beyond a reasonable doubt, each and every essential element of the offense alleged.

Specifically, the Government would prove that on or about June 20, 2007, Jason Duncan (hereinafter referred to as Duncan) provided Eugene Smith (hereinafter referred to as Smith) with over three hundred pounds of marijuana. This marijuana was obtained from the Defendant (Lopez). Smith was to deliver the marijuana from in and around Houston, Texas to Jonesboro, Arkansas. Smith departed from the Houston area on route to Jonesboro Arkansas. In Nacogdoches County, Texas, Smith was pulled over by Deputy Dustin Ramos after committing a traffic violation. Nacogdoches County is in the Eastern District of Texas. During the traffic stop the Deputy smelled an odor of marijuana emanating from the truck driven by Smith. The

Deputy asked for consent to search the truck and eventually located over three hundred pounds of marijuana in the bed of the truck. After Smith was arrested he told the authorities that the marijuana belonged to Duncan and that he was delivering the marijuana to Jonesboro, Arkansas.

At the guilty plea hearing, the Government also proffered that the evidence would prove that the above-described marijuana was constructively possessed by the Defendant in the Eastern District of Texas.

The marijuana was tested at the Drug Enforcement Crime Laboratory where it was determined to be marijuana that weighed approximately 139 kilograms.

There will be additional evidence that the Defendant is responsible for the distribution of more than 1000 kilograms of marijuana but less than 3000 kilograms of marijuana.

Defendant, Ezequiel Lopez, agreed with the facts set forth by the Government and signed the *Factual Resume.* Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count 1** of the charging **Information** on file in this criminal proceeding. The Court also recommends that the District Court conditionally accept the plea

agreement.[2]  Accordingly, it is further recommended that, Defendant, Ezequiel Lopez, be finally adjudged as guilty of the charged offense under Title 21, United States Code, Section 841(a)(1).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report.  At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature.  The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report.  *See* FED. R. CRIM. P. 11(c)(3).  If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement.  *See* FED. R. CRIM. P. 11(c)(3)(B).  If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement.  Defendant has the right to

---

[2]"(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

allocute before the District Court before imposition of sentence.

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).


**SIGNED this the 14th day of August, 2009.**


KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

6